The People of the State of New York ex rel. Robert Sterling Clark, Relator, *v.* John F. Gilchrist and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, September 10, 1925.

**Taxation — income tax — stock dividends, representing accumulated profits, paid to beneficiary of trust are taxable — Tax Law, §§ 350, subd. 8, 351, 357, 359 and 365, construed and applied.**

Under sections 350, subdivision 8, 351, 357, 359 and 365 of the Tax Law, stock dividends representing accumulated profits paid to a beneficiary of a trust are taxable as income and the taxes must be paid for the year in which the dividend is received.

CERTIORARI issued out of the Supreme Court (after taking effect of Civil Practice Act) and attested on the 10th day of October, 1924, directed to John F. Gilchrist and others, constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in confirming an assessment of income tax for the year 1920 against the relator.

Curtis, Mallet-Prevost, Colt & Mosle [Nathan L. Miller, Walter F. Taylor and D. A. Embury of counsel], for the relator.

Albert Ottinger, Attorney-General [Henry S. Manley, Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, P. J.:

In the year 1896 a trust was created by Alfred Corning Clark in favor of the relator as life beneficiary consisting of capital stock of the Singer Manufacturing Corporation. In 1920 the corporation declared a stock dividend representing earnings at that time accumulated. This stock dividend was turned over to the relator under the authority of *Matter of Osborne* (209 N. Y. 450). The value of this stock dividend is conceded for the purpose of this proceeding. The State Tax Commission has determined that it is taxable under the provisions of the Tax Law (added by Laws of 1919, chap. 627, as amd.), known as the Income Tax Law and has accordingly assessed a tax thereon against the relator. This determination of the State Tax Commission the relator by this proceeding challenges.

Section 351 of the Tax Law imposes a tax upon every resident of the State " with respect to his entire net income." Section 357 defines " net income " as meaning the " gross income " of a taxpayer less deductions allowed, which deductions are not here material. By section 359, subdivision 1, of the Tax Law (as amd. by Laws of 1920, chap. 695) " gross income " is made to include " dividends   *   *   *   or gains or profits and income derived from any source whatever, including gains or profits or income derived through estates or trusts by the beneficiaries thereof." Section 350, subdivision 8, defines the word " dividend " as follows: " Any distribution made by a corporation out of its earnings or profits to its shareholders or members whether in cash or in other property *or in stock of the corporation.*"   (Italics ours.)

In view of this last-mentioned definition in connection with the other statutory provisions above noted there would seem to be no doubt of the intent of the Legislature to make stock dividends taxable. As pertinent to this question we may call attention to what was said in *Eisner* v. *Macomber* (252 U. S. 189) about the purpose of the corresponding Federal Revenue Act of September 8,.

1916 (39 U. S. Stat. at Large, 756, chap. 463; Id. 757, § 2, subd. a), which statute contained the following provision: " The term ' dividends ' as used in this title shall be held to mean any distribution made or ordered to be made by a corporation    *    *    * out of its earnings or profits    *    *    *    and payable to its shareholders, whether in cash or in stock of the corporation    *    *    * which stock dividend shall be considered income, to the amount of its cash value." The court said: " It [the question] arises under the Revenue Act of September 8, 1916,    *    *    * which, in our opinion (notwithstanding a contention of the government that will be noticed), plainly evinces the purpose of Congress to tax stock dividends as income."

We think there has been some misapprehension about the purport of the decision in *Eisner* v. *Macomber (supra).* The Supreme Court of the United States in that case held that a stock dividend was not income in any true sense nor as ordinarily understood; that the word " income " in the Sixteenth Amendment to the Federal Constitution giving to the Congress power " to lay and collect taxes on incomes " should be given its ordinary and usually accepted meaning and that said amendment did not, therefore, include or comprehend stock dividends within its scope. The prevailing opinion by Mr. Justice PITNEY begins and ends as follows: " This case presents the question whether, by virtue of the Sixteenth Amendment, Congress has the power to tax, as income of the stockholder and without apportionment, a stock dividend made lawfully and in good faith against profits accumulated by the corporation since March 1, 1913.    *    *    * Thus, from every point of view, we are brought irresistibly to the conclusion that neither under the Sixteenth Amendment nor otherwise has Congress power to tax without apportionment a true stock dividend made lawfully and in good faith, or the accumulated profits behind it, as income of the stockholder. The Revenue Act of 1916, in so far as it imposes a tax upon the stockholder because of such dividend, contravenes the provisions of article 1, § 2, cl. 3, and article 1, § 9, cl. 4, of the Constitution, and to this extent is invalid notwithstanding the Sixteenth Amendment."

Hence it is that *Eisner* v. *Macomber (supra)* is not an authority against this State tax as seems sometimes to have been assumed, but on the contrary is an authority in favor of the tax. The court expressly stated that the purpose of Congress to tax stock dividends as income was plainly evinced, but such purpose was thwarted by the United States Constitution. The State Legislature is not hampered by constitutional restrictions. The relator does not so contend. It had the power to make stock dividends subject to the tax and it

has plainly exercised that power.   In deference to the foregoing authority we may concede that the word " income " is a misnomer as applied to stock dividends.   But it nevertheless is true that the Legislature may make its own definition and when it manifests its intention to include stock dividends as income or to bring them within the purview of the Income Tax Law that is the end of the matter.   There is a parallel situation in the State of Massachusetts. There by statute stock dividends are made taxable as income. (*Tax Commissioner* v. *Putnam*, 227 Mass. 522, 534; *Tilton* v. *Tax Commissioner*, 238 id. 596.)   In commenting on this the court in *Eisner* v. *Macomber* said: " The Massachusetts court was not under an obligation, like the one which binds us, of applying a constitutional amendment in the light of other constitutional provisions that stand in the way of extending it by construction." The Massachusetts statute apparently goes further than our statute because in that State stock dividends are treated as capital and as between life tenants and remaindermen go to the latter.   (*Tax Commissioner* v. *Putnam*, 227 Mass. 522, 536.)

The relator presses on our attention the peculiar phraseology of section 359 of the Tax Law.   He reads that section as follows: " Income derived from   *   *   *   dividends," etc.   It is clear that the phraseology might be improved.   But we think the meaning is not doubtful.   The argument of relator to be consistent would also require us to limit the word " income " to such as was derived " from interest, rent, dividends," because those three words are grouped together in the statute and it is unthinkable that a taxpayer is not subject to an income tax on " interest " or " rent " but only on income derived therefrom.

The relator argues that section 365 of the Tax Law (as amd. by Laws of 1920, chap. 695; since amd. by Laws of 1922, chap. 426) indicates an intent not to tax stock dividends.   It does not impress us that way.   The statute is not bounded by a single section but must be considered in its entirety and sections 351, 357 and 359 above referred to clearly in our opinion cover this case.   All gains or profits or income derived through trusts are by those sections made taxable.   The taxable quality of income is not limited by section 365.   That section does not on its face purport to include all income which may be derived from estates or trusts.   It deals only with some kinds of income therein specified and has reference more particularly to the making of returns by the fiduciary and to fixing the payment of the tax in instances there mentioned as between him and the beneficiary.

The relator also suggests that payment of the tax should be postponed until a sale by the beneficiary of the stock represented

by the dividend. The statute contemplates otherwise. Section 351 declares that the tax shall be levied, collected and paid *annually* upon and with respect to the *entire net income* as defined in the statute, and as we have seen such net income includes dividends (§§ 357, 359) and dividends include distribution " in stock of the corporation." (§ 350, subd. 8.) The only reasonable inference from this is that the tax is to be paid for the year in which the dividend is received, otherwise the word " annually " in section 351 would be ignored in respect to that portion of the " net income " representing stock dividends. Furthermore there would be no point in specifically including stock dividends in the definition of the word " dividend " because on a sale thereof the selling price would ordinarily be taxable as " gains " or " profits " under section 359. Still further by the last-mentioned section it is provided as follows: " The amount of all such items [which as before indicated include stock dividends] shall be included in the gross income for the taxable year in which received by the taxpayer."

Finally it should be observed that much of the argument of the relator rests on the assumption that stock dividends are not taxable as against individual stockholders. Starting with this assumption he calls attention to the apparent inequalities and inconsistencies which arise as between individual stockholders and beneficiaries. As may be inferred from what has been heretofore said, we think such assumption is unfounded. It probably arises from a misconception of the full meaning and effect of the decision in *Eisner* v. *Macomber* (*supra*) as above suggested. It is our view that under the Federal statute, by reason of its constitutional limitations, stock dividends are not taxable either in the hands of individual stockholders or of beneficiaries (and such statute is being administered by the Federal government on that theory), but that under the State statute, unrestricted as it is by constitutional limitations, stock dividends are taxable alike whether received by individual stockholders or by beneficiaries. The statute makes no distinction between those two classes of persons.

The determination should be confirmed, with fifty dollars costs and disbursements.

Determination unanimously confirmed, with fifty dollars costs and disbursements.